# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:99-cr-0006 |
| ) | |
| **DEVIN HODGE,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## ORDER

**BEFORE THE COURT** are Defendant Devin Hodge's ("Hodge") motion to vacate, set aside, or correct the sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 313), and Supplemental Motion to Vacate Judgment under 28 U.S.C. § 2255 (ECF No. 318). On March 2, 2020, the Government filed its response opposing the motion. (ECF Nos. 325.) Hodge filed his reply on June 18, 2020. (ECF No. 343.) For the reasons stated below, the Court will deny the motion.

## I. BACKGROUND

In May 1998, Hodge, his brother, Irvine Hodge, and third individual robbed a jewelry store and killed the owner in the process. The Government charged Hodge in a Third Superseding Indictment with interfering with commerce by robbery, in violation of 18 U.S.C. § 1951 (Count One), first degree murder, in violation of 18 U.S.C. § 924(j)(1) (Count Two), and tampering with a witness by killing, in violation of 18 U.S.C. § 1512(a) (Count Three).[1] Hodge pleaded guilty to Count Two of the Third Superseding Indictment pursuant to the plea

---

[1] More specifically, the Third Superseding Indictment charged Hodge with: (1) unlawfully obstructing, delaying, or affecting commerce or the movement of any article or commodity in commerce by robbery, namely, unlawfully taking or obtaining personal property consisting of jewelry form the Emerald Lady Jewelry Store and from Larry Davis and Linda Davis in their presence against their will by means of actual force or threatened force, or violence or fear of injury to their persons, in violation of 18 U.S.C. § 1951 and 18 U.S.C. § 2; (2) knowingly using or carrying a firearm during interference with commerce by robbery as charged in Count One and in the course of a violation of Section 18 U.S.C. § 924(c)(1) causing a death of a person through the use of a firearm, which killing is a murder as defined in 18 U.S.C. § 1111, namely, unlawfully killing Larry Davis by shooting him with the firearm in the perpetration of the interference with commerce by robbery, in violation of 18 U.S.C. § 924(j)(1); and (3) knowingly killing Larry Davis with intent to prevent the attendance or testimony of Larry Davis in an official proceeding in violation of 18 U.S.C. §§ 1512(a)(1)(A), (2)(A) and 18 U.S.C. § 2. (ECF No. 382, App. at 1-5.)

agreement. He was sentenced to life imprisonment on March 5, 2002. On June 26, 2005, the Third Circuit vacated the judgment and remanded the case for resentencing or Hodge's withdrawal of his guilty plea. On November 21, 2006, Hodge entered a second guilty plea and was sentenced on April 27, 2007, to 450 months imprisonment and five years of supervised release. On May 30, 2008, the Third Circuit affirmed the Judgment.

On April 24, 2009, Hodge filed a motion under 28 U.S.C. § 2255, which was denied. On September 23, 2019, the Third Circuit granted Hodge's application for leave to file a second or successive § 2255 petition to assert a claim under *United States v. Davis*, 139 S. Ct. 2319 (2019), leaving it to the Court to decide whether Hodge's crime falls under the elements clause or the residual clause of 18 U.S.C. § 924(c).

### III. LEGAL STANDARD

The Hobbs Act provides that any person who "obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both." 18 U.S.C. § 1951(a). Subsection 924(c) of Title 18 of the United States Code is a substantive offense and authorizes additional punishment for any person who uses a firearm "during and in relation to any crime of violence." 18 U.S.C. § 924(c)(1)(A). The term "crime of violence" means an offense that is a felony and "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (the "elements" clause,) or "(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense (the "residual" clause). 18 U.S.C. § 924(c)(3). "A person who, in the course of a violation of subsection (c), causes the death of a person through the use of a firearm, shall--(1) if the killing is a murder (as defined in section 1111), be punished by death or by imprisonment for any term of years or for life." 18 U.S.C. § 924(j)(1). On June 24, 2019, the Supreme Court held that the residual clause, 18 U.S.C. § 924(c)(3)(B), was unconstitutionally vague. *Davis*, 139 S. Ct. at 2336. Following *Davis*, the Third Circuit remanded certain cases to the district court to determine

"[w]hether the Petitioners' crimes fall under the elements clause or the challenged residual clause." *In re Matthews*, 934 F.3d at 301.

### III. DISCUSSION

Hodge argues that his conviction must be vacated because his sole crime, the Hobbs Act conspiracy, is not a crime of violence under the "residual clause" or the "force clause" and "the Shepard documents available in this case do not set-forth the subsection of the statute that the firearm was allegedly used during or in relation to." (ECF No. 318 at 2.) The Government argues that the predicate offense to which Hodge pled was Hobbs Act robbery, not Hobbs Act conspiracy, and Hobbs Act robbery satisfies the elements clause under the categorical approach.

A court "determining the character of an admitted [offense] is generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard v. United States*, 544 U.S. 13, 16 (2005). Hodge's argument that his sole crime is the Hobbs Act conspiracy is belied by the record. Count Two in the Third Superseding Indictment to which Hodge pleaded guilty charged a violation of Section 924(c)(1), namely, using a firearm during a crime of interference with commerce by robbery as set forth in Count One, and in the course of that violation, causing the death of a person through the use of a firearm, which killing is a murder, in violation of 18 U.S.C. § 924(j)(1). Thus, the offense underlying a violation of Section 924(c) in Count Two is the offense alleged in Count One, *i.e.* "interference with commerce by robbery." Neither Count One nor Count Two in the Third Superseding Indictment alleges or mentions the word conspiracy. In his plea agreement, Hodge admitted that he is guilty of aiding and abetting the first-degree murder in violation of 18 U.S.C. § 924(j)(1) and 2, committed during the interference with commerce by robbery. Notably, the plea agreement does not mention conspiracy. At the change of plea hearing, Hodge pleaded guilty to the elements of the offense in Count Two, as articulated in the plea agreement. The record is clear that the predicate offense to Count Two to which Hodge pleaded guilty was Hobbs Act robbery. "[A] defendant need not be separately charged with or convicted of the predicate crime." *United States v. Stoney*, 62 F.4th 108 (3d

Cir. 2023). The Third Circuit held "that a completed Hobbs Act robbery is categorically a crime of violence under § 924(c)(3)(A)." *United States v. Stoney*, 62 F.4th 108 (3d Cir. 2023). Since the predicate offense to Count two was Hobbs Act robbery, and not Hobbs Act conspiracy, and Hobbs Act robbery is a crime of violence for the purpose of Section 924(c)(3)(A), *Davis* does not apply to Hodge's conviction and sentence.

      Accordingly, it is hereby

      **ORDERED** that Hodge's motion to vacate, set aside, or correct the sentence, pursuant to 28 U.S.C. § 2255, ECF No. 313 and his supplemental motion, ECF No. 318, are **DENIED**; and it is further

      **ORDERED** that a certificate of appealability is **DENIED;** and it is further.

      **ORDERED** that a copy of this Order shall be docketed in *Hodge v. United States*, Civil Case No. 3:19-cv-0082.

**Dated:** August 11, 2023　　　　　　　　　　　　　*/s/ Robert A. Molloy*
　　　　　　　　　　　　　　　　　　　　　　　　　**ROBERT A. MOLLOY**
　　　　　　　　　　　　　　　　　　　　　　　　　**Chief Judge**